# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2019

Lyle W. Cayce
Clerk

ELEAZAR WALBERTO LOPEZ ALVARENGA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 681 667

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Eleazar Walberto Lopez Alvarenga, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of removal. Relying primarily on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Lopez Alvarenga argues that his Notice to Appear (NTA) was not a valid charging document because it failed to state the time and date for his removal proceedings. Lopez Alvarenga contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60755

immigration court lacked subject matter and personal jurisdiction in the absence of a valid NTA.

We recently rejected these same arguments in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019). Where, as here, the NTA specifies the nature of the proceedings, the legal authority for the proceedings, and a warning regarding in absentia removal, it is not defective. *See Pierre-Paul*, 930 F.3d at 689-90. Moreover, even if an NTA lacking a time and date for the removal hearing was defective under *Pereira*, the defect is cured by a subsequent notice that includes the time and date of the hearing, such as Lopez Alvarenga received in the instant matter. *See id.* at 690-91. The BIA did not err in dismissing Lopez Alvarenga's appeal. *Pierre-Paul*, 930 F.3d at 689; *see Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). The petition for review is DENIED.